BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE PRUDENTIAL INSURANCE COMPANY OF AMERICA SGLI/VGLI LITIGATION. | **MDL Docket No. 2208** |

**INTERESTED PARTY RESPONSE IN OPPOSITION TO THE MOTION OF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA TO CENTRALIZE CASES IN THE DISTRICT OF NEW JERSEY PURSUANT TO 28 U.S.C. § 1407(a) FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS
BY AMICUS CURIAE THE AMERICAN LEGION**

I. **INTRODUCTION**

The American Legion (hereinafter "Legion"),[1] amicus curiae in the proceeding of Lucey, et. al. v. Prudential in the United States District Court for the District of Massachusetts, Western Division, Case No. 3:10-CV-30163-MAP, submits this Interested Party Response in support of the Opposition of Plaintiffs Kevin and Joyce Lucey, Jorge Castro, Susana Ferro, Carlos and Maria Gonzalez, Karen Meredith, George D. Patrin, and the putative class (hereinafter "Plaintiffs") to the Motion of Defendant Prudential Insurance Company of America (hereinafter "Defendant") Pursuant to 28 U.S.C. § 1404(a) to Transfer Venue to the District of New Jersey (hereinafter "Motion to Transfer Venue to the District of New Jersey"). Based upon the undisputed facts, binding precedent, and important policy considerations, the Legion submits

---

1 The American Legion was chartered and incorporated by Congress in 1919 as a patriotic veterans organization devoted to mutual helpfulness. It is the nation's largest veterans service organization. The Legion has about 2.5 million members in about 13,923 posts worldwide. The American Legion is Congressionally-chartered to represent the interests of veterans before the VA and in other settings. Members of The American Legion include families of servicemembers and veterans who died, who are holders of Servicemembers' Group Life Insurance.

1

that the Defendant's Motion to Transfer Venue to the District of New Jersey should be denied and the Lucey case continued in the District of Massachusetts, Western Division.

The American Legion was granted *amicus curiae* standing in the Lucey case by Order of Magistrate Judge Kenneth P. Neiman of the United States District Court of the District of Massachusetts, Western Division, on November 4, 2010. As *amicus* in that case, The American Legion has a right to file an interested party response in this MDL proceeding. JPMDL Rule 6.2(e).

The Legion supports the arguments presented in Plaintiffs' Memorandum in Opposition to Defendants' Motion Pursuant to 28 U.S.C. § 1404(a) to Transfer Venue to the District of New Jersey, and will not repeat their arguments herein. However, the Legion files this amicus because it believes that it is uniquely qualified by its over 90-year history of being in the forefront of veterans' rights to speak out and provide its unique perspective about the need to avoid further delay in this case.

## II. TRANSFERRING VENUE TO NEW JERSEY WILL ONLY CAUSE FURTHER DELAY IN THIS PROCEEDING

The American Legion strongly opposes any of Defendant Prudential's methods for delaying this proceeding, including its motions to transfer and to stay the case. Defendant finds itself in this position because of its decision to retain Plaintiffs' money beyond the date that the money was due to Plaintiffs. Defendant should not now unfairly cause further delay and distraction in Plaintiffs' lives by preventing this proceeding from going forward on schedule.

The key issues in the case have been fully briefed in the Motion to Dismiss and Opposition to same, and should be allowed to proceed on schedule without the upheaval caused

by transfer to another court. As Plaintiffs have explained in their Opposition to Defendant's Motion to Centralize Cases in the District of New Jersey, both the court and judge's dockets in Massachusetts are significantly lighter than those in New Jersey, meaning that keeping the case in Massachusetts would ensure a quicker resolution for Plaintiffs. Furthermore, the law regarding the issues in this case is more settled in Massachusetts than in New Jersey, which will also permit a speedier resolution. *See Mogel v. UNUM Life Insurance Co. of America*, 547 F. 3d. 23 (1st Cir. 2008).

Given that the Lucey case is fully briefed and awaiting argument on a dispositive motion addressing key substantive issues, and given that these issues are so important in the lives of servicemembers' families all over the country, The American Legion submits that the Lucey case should be permitted to proceed in the District of Massachusetts without interference.

## III. DEFENDANT SHOULD NOT BE PERMITTED TO CHOOSE ITS FORUM AND ITS LAW IN ALL CASES AGAINST IT

Defendant contracts with individuals all over the country, and so should be prepared to defend its practices anywhere in the country, as necessary. Finding itself in a forum where it perceives that the law might not be to its best advantage is not a proper reason for requesting a change to a different forum. Defendant may not "cherry pick" its forum or its law. Plaintiffs brought suit in the District of Massachusetts, Western Division, because that is where they live. Defendant must be prepared to defend its practices in the forum where Plaintiffs were harmed by Defendant's practices.

**IV.     MASSACHUSETTS IS CONVENIENT FOR PLAINTIFFS AND DEFENDANT**

Importantly, the parties here are families of servicemembers vs. a huge national corporation, which does business all over the country. The District of Massachusetts is the forum where named plaintiffs Kevin and Joyce Lucey live; therefore, that forum is by far the most convenient for Plaintiffs to attend the proceedings, conduct discovery, and testify at hearings. Conversely, while Defendant is headquartered in New Jersey, it strains credulity to assume that it significantly inconveniences Defendant to travel to Massachusetts to plead its case. Defendant has a strong presence in Massachusetts, and has litigated many cases in the District Court of Massachusetts in the past.

**V.     CONCLUSION**

The American Legion reiterates that this case is important because it seeks to end Defendant's disingenuous practice of taking advantage of the grieving families of America's fallen heroes. Therefore, this case should be permitted to proceed in the District of Massachusetts without further delay.

Respectfully submitted,

AMICUS CURIAE
THE AMERICAN LEGION,

By their attorneys,

/s/ Louis J. George
Louis J. George, Esquire
BBO# 561415 (Mass.)
Katy S. Clemens, Esquire (*pro hac vice*)
Ronald B. Abrams, Esquire (*pro hac vice*)
National Veterans Legal
Services Program
1600 K Street, NW
Suite 500
Washington, DC 20006
louis_george@nvlsp.org
(202) 621-5679

Dated: November 30, 2010

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on November 30, 2010.

Dated: November 30, 2010 /s/ Louis J. George
Louis J. George
BBO # 561415 (Mass.)