UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PRUDENTIAL INSURANCE COMPANY OF
AMERICA SGLI/VGLI CONTRACT LITIGATION

| | |
|---|---|
| Kevin Lucey, et al. v. Prudential Insurance Company of America, D. Massachusetts, C.A. No. 3:10-30163 ) ) Barbara Phillips, et al. v. Prudential Insurance Company of America, et al., D. New Jersey, C.A. No. 2:10-05735 ) ) | MDL No. 2208 |

**TRANSFER ORDER**

**Before the Panel**[*]:  Defendant The Prudential Insurance Company of America (Prudential) seeks centralization, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of these two actions in the District of New Jersey.[1]

Plaintiffs in the District of New Jersey action and two District of New Jersey potential tag-along actions support Prudential's motion. Plaintiffs in the District of Massachusetts action oppose centralization and, alternatively, support centralization in the District of Massachusetts. *Amicus* to the District of Massachusetts action, The American Legion, opposes centralization.

On the basis of the papers filed and the hearing session held, we find that these two actions involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  All actions involve common factual allegations concerning payment of benefits under certain policies issued by Prudential under a contract with the Veterans Administration (VA) for servicemembers and veterans.  Plaintiffs contend that Prudential's practice of paying claims to beneficiaries via "Alliance Accounts" was improper, *inter alia*, under the statute authorizing the insurance and the contract with the VA, that Prudential misrepresented the features of the Alliance Accounts, and that Prudential paid beneficiaries a lower rate of interest than the funds actually earned. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

---

[*]  Judge Kathryn H. Vratil took no part in the decision of this matter.

[1]  The Panel has been notified of two additional related actions pending in the District of New Jersey.  These actions, and any other related actions, are potential tag-along actions. *See* Rules 1.1(h), 7.1 and 7.2, R.P.J.P.M.L.

The parties opposing centralization assert that, *inter alia*, centralization will needlessly delay resolution of the Massachusetts action, in which a fully briefed motion to dismiss is already pending. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with this argument. While there may indeed be some initial delay incorporating all actions into a centralized forum, centralization nevertheless carries the benefit of placing all of these related nationwide class actions before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that common parties such as Prudential and other witnesses are not subjected to discovery demands that duplicate activity in other actions. *See In re Department of Veterans Affairs (VA) Data Theft Litigation*, 461 F.Supp.2d 1367, 1368-69 (J.P.M.L. 2006).

While either proposed transferee district could be a suitable transferee forum for this litigation, after considering all factors, the Panel has decided to order centralization in the District of Massachusetts, where two named plaintiffs in *Lucey* reside. The first-filed action, in which a fully briefed motion to dismiss is currently pending, was filed in the District of Massachusetts in July 2010, months before the New Jersey action was filed. As we have previously held, it is appropriate to give "the first-filed criterion some weight in selecting a transferee district," *In re: Halftone Color Separations ('809) Pat. Litig.*, 547 F.Supp.2d 1383, 1384 (J.P.M.L. 2008). Further, Judge Michael A. Ponsor, who is not currently serving as a transferee judge, has had an opportunity to become familiar with this litigation over the six months *Lucey* has been pending before him.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the District of New Jersey action is transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Michael A. Ponsor for coordinated or consolidated pretrial proceedings with the action pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones |
| Paul J. Barbadoro | |